Peter Rukin, SBN 178336
Valerie Brender, SBN 298224
RUKIN HYLAND DORIA & TINDALL LLP
100 Pine Street, Suite 2150
San Francisco, CA 94111
Telephone: (415) 421-1800
Facsimile: (415) 421-1700
prukin@rhdtlaw.com
vbrender@rhdtlaw.com

Aaron Kaufmann, SBN 148580
Beth Ross, SBN 141337
Elizabeth Gropman, SBN 294156
LEONARD CARDER, LLP
1330 Broadway, Suite 1450
Oakland, CA 94612
Telephone: (510) 272-0169
Facsimile: (510) 272-0174
akaufmann@leonardcarder.com
bross@leonardcarder.com
egropman@leonardcarder.com

*Attorneys for PLAINTIFFS*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| MARK SOARES and BRIAN BOTELHO, | **CASE NO.** |
| Plaintiffs, | **CLASS ACTION (FRCP 23)** |
| v. | (1) **REIMBURSEMENT OF BUSINESS EXPENSES (Labor Code §2802);** |
| FLOWERS FOODS, INC., FLOWERS BAKING CO. OF CALIFORNIA, FLOWERS BAKING CO. OF MODESTO, FLOWERS BAKERIES BRANDS, INC., and DOES 1 through 10, inclusive, | (2) **UNLAWFUL DEDUCTIONS FROM WAGES (Labor Code §§221, 223, 400-410);** |
| | (3) **FAILURE TO PROVIDE OFF-DUTY MEAL PERIODS (Labor Code §§226.7, 512);** |
| Defendants. | (4) **FAILURE TO AUTHORIZE AND PERMIT PAID REST PERIODS (Labor Code §§226.7, 1194);** |
| | (5) **FAILURE TO FURNISH ACCURATE WAGE STATEMENTS (Labor Code §§226, 226.3);** |
| | (6) **VIOLATIONS OF UCL (Labor Code §17200** *et seq.***)** |
| | **DEMAND FOR JURY TRIAL** |

CLASS ACTION COMPLAINT

1.      PLAINTIFFS Mark Soares and Brian Botelho allege the following for their complaint.

## I.      JURISDICTION

2.      This Court has jurisdiction over this putative class action under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2), because the amount in controversy exceeds $5,000,000, there are more than 100 putative class members, and Plaintiffs and Defendants are citizens of different states.

## II.      VENUE AND INTRADISTRICT ASSIGNMENT

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to PLAINTIFFS' claims occurred in Santa Clara County, and within the Division and Courthouse in which this action has been commenced.

## III.      <u>INTRODUCTION</u>

4.      This is an action for relief from DEFENDANTS' misclassification of their California bakery distributor drivers ("Delivery Drivers") as "independent contractors." Defendants Flowers Foods, Inc. ("Flowers Foods"), Flowers Baking Co. of California ("Flowers-California"), Flowers Baking Company of Modesto ("Flowers-Modesto"), Flowers Bakeries Brands, Inc. ("Flowers Bakeries"), and their affiliates (collectively "DEFENDANTS" or "FLOWERS") are in the wholesale bakery business, relying on drivers such as PLAINTIFFS to deliver to and stock baked goods at retail grocery store outlets, restaurants, and other retail store outlets.  DEFENDANTS retain and exercise pervasive control over their bakery distribution operations, including by retaining and exercising such control over PLAINTIFFS, such that PLAINTIFFS are in fact DEFENDANTS' employees under California law.

5.      By misclassifying PLAINTIFFS and similarly situated Delivery Drivers as independent contractors, DEFENDANTS have sought to avoid various duties and obligations owed to employees under California's Labor Code and Industrial Welfare Commission ("IWC") wage orders, including: the duty to indemnify employees for all expenses and losses necessarily incurred in connection with their employment (Cal. Labor Code §2802; IWC wage order No. 1, §§ 8-9); the duty to provide off-duty meal periods (Cal. Labor Code §§ 512, 226.7; IWC wage order No. 1, §

11); ); the duty to authorize and permit paid rest periods (Cal. Labor Code §§ 226.7, 1194; IWC wage order No. 1, § 12); and other legal obligations.

6.     PLAINTIFFS challenge DEFENDANTS' policy of willfully and unlawfully misclassifying their Drivers as "independent contractors" and thereby refusing to indemnify them for employment-related expenses and losses, taking wrongful deductions from their wages, coercing them to purchase necessary services and items, failing to provide off-duty meal periods, failing to authorize and permit paid rest periods, and failing to document actual hours worked on pay statements as required by California law.  This misclassification policy has been in effect since at least February 2013.

7.     PLAINTIFFS bring claims for reimbursement of business expenses and losses, reimbursement of deductions wrongfully taken from wages, meal period pay, rest period pay, unpaid minimum wage (and liquidated damages), statutory and civil penalties, interest, and attorneys' fees and costs, under Cal. Labor Code §§ 203, 218.5, 226.7, 1194, 1194.2, and 2802, and Cal. Code of Civil Procedure § 1021.5. PLAINTIFFS also seek relief, pursuant to Cal. Business and Professions Code §§ 17200-17208 (also referred to herein as the "UCL"), including restitution and disgorgement of all benefits DEFENDANTS have obtained from the unlawful practices referenced above and detailed below.

## IV.    PARTIES

**A.    Plaintiffs**

8.     Plaintiff Mark Soares resides in San Jose, California (Santa Clara County).  He began as a bakery distributor driver for FLOWERS in approximately July of 2013 through an employment placement with ABM, Industries, Inc. and was treated as a W-2 employee for tax purposes. On approximately October 14, 2013, Plaintiff Soares entered into a Distributor Agreement, under which he has continued to serve as a FLOWERS Delivery Driver.  Throughout his tenure as a FLOWERS Delivery Driver, Plaintiff Soares has worked out of FLOWERS' facilities located in San Jose, California (Santa Clara County).  Plaintiff Soares has driven a box truck to carry out his duties for DEFENDANTS.

///

9.      Plaintiff Brian Botelho resides in Hollister, California (San Benito County).  He began as a bakery distributor driver for FLOWERS in approximately March of 2013 through an employment placement with ABM, Industries, Inc. and was treated as a W-2 employee for tax purposes.  On approximately September 23, 2013, Plaintiff Botelho entered into a Distributor Agreement, under which he has continued to serve as a FLOWERS Delivery Driver.  Throughout his tenure as a FLOWERS Delivery Driver, Plaintiff Botelho has worked out of FLOWERS' facilities located in San Jose, California (Santa Clara County).  Plaintiff Botelho has driven a step van and box truck to carry out his duties for DEFENDANTS.

**B.      Defendants**

10.      Defendant Flowers Foods, Inc. is incorporated under the laws of Georgia. And has its principal executive offices in Thomasville, Georgia.  Defendant Flowers Foods is and at all relevant times was an employer covered by the Cal. Labor Code and IWC wage order No. 1.

11.      Defendant Flowers Baking Co. of California, LLC, Inc. is incorporated under the laws of California, and, upon information and belief, is a wholly-owned subsidiary of Flowers Foods.  Defendant Flowers-California is, and at all relevant times since approximately January 2012, was, an employer covered by the Cal. Labor Code and IWC wage order No.1.

12.      Defendant Flowers Baking Co. of Modesto, LLC, Inc. is incorporated under the laws of Nevada, and, upon information and belief, is a wholly-owned subsidiary of Flowers Foods. Defendant Flowers-Modesto is, and at all relevant times since approximately January 2012, was, an employer covered by the Cal. Labor Code and IWC wage order No.1.

13.      Defendant Flowers Bakeries Brands, Inc. is incorporated under the laws of Delaware, and, upon information and belief, is a wholly-owned subsidiary of Flowers Foods. Defendant Flowers Bakeries is, and at all relevant times since approximately January 2012, was, an employer covered by the Cal. Labor Code and IWC wage order No.1.

14.      The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to PLAINTIFFS, who therefore sue defendants by such fictitious names under Cal. Code of Civil Procedure § 474.  PLAINTIFFS are informed and believe, and based thereon allege, that each of

1   the defendants designated herein as a DOE is legally responsible in some manner for the unlawful

2   acts referred to herein.  PLAINTIFFS will seek leave of court to amend this Complaint to reflect

3   the true names and capacities of the defendants designated hereinafter as DOES when such

4   identities become known.  Hereinafter DEFENDANTS and the DOE defendants shall be referred

5   to collectively as "DEFENDANTS."

6       15.     PLAINTIFFS are informed and believe, and on such information and belief allege,

7   that each defendant acted in all respects pertinent to this action as the agent of the other defendants,

8   carried out a joint scheme, business plan or policy in all respects pertinent hereto, and that the acts

9   of each defendant are legally attributable to the other defendants.

10                 **V.     STATEMENT OF FACTS**

11      16.     DEFENDANTS are in the bakery business, baking and distributing brand breads

12   and other baked goods, including brands such as Wonder, Home Pride, TastyKake, Country

13   Kitchen, and Mi Casa.  Flowers Foods is a publicly owned corporation, traded on the NYSE.

14      17.     FLOWERS entered in the California market in or about the first quarter of 2013

15   when it acquired an existing bakery company that had customers throughout California. Those

16   customers were mostly large corporate companies, including major grocery store chains, "big box"

17   stores, and chains of restaurant.  FLOWERS continued to service those accounts and develop new

18   accounts throughout the covered period.

19      18.     In California, Flowers Foods has operated in conjunction with Flowers-California

20   and subsequently Flowers-Modesto. When FLOWERS first took over the business in California, it

21   relied on bakery delivery drivers hired and paid through a staffing agency, ABM Industries, Inc.

22   The drivers provided by ABM were treated as W-2 employees for tax purposes.  Over the first half

23   of 2013, FLOWERS began entering into "Distributor Agreements" with many of the ABM-

24   supplied drivers, such as Plaintiff Mark Soares and Brian Botelho, and other individuals.  By the

25   second half of 2013, most of FLOWERS' Delivery Drivers operated under a Distributor

26   Agreement.  The Distributor Agreements authorize the contracting Delivery Driver to service a

27   designated territory.  Delivery Drivers are required to pay thousands of dollars in order to work

28   their route.  The territory typically comprises of a route populated by corporate customers of

FLOWERS. The Distributor Agreements uniformly classify the Delivery Drivers as "independent contractors."

19.    DEFENDANTS have employed hundreds of Delivery Drivers out of warehouse facilities located in several Northern California locations, including facilities located in the County of Santa Clara.

20.    PLAINTIFFS and the other Delivery Drivers have been integral to the operations of DEFENDANTS' core business, as they were hired to timely deliver FLOWERS' baked goods to FLOWERS' customers.

21.    DEFENDANTS retain the exclusive right to control the manner and means by which PLAINTIFFS perform their jobs.  PLAINTIFFS pick up trays of FLOWERS baked goods from DEFENDANTS' warehouses.  PLAINTIFFS work designated routes delivering to and stocking shelves of customers assigned by DEFENDANTS.  DEFENDANTS provide PLAINTIFFS with directions and schematics for how to stock its customers' shelves. PLAINTIFFS interact with DEFENDANTS' personnel at the warehouse on a daily basis.

22.    DEFENDANTS require the PLAINTIFFS to purchase the baked goods from DEFENDANTS to resell to FLOWERS' customers.  DEFENDANTS contract directly with the customers.  DEFENDANTS unilaterally determine the amount of baked goods it agrees to deliver to and the prices charged to their customers.  PLAINTIFFS have no control over the rates charged to DEFENDANTS' customers.

23.    DEFENDANTS require PLAINTIFFS to "rotate" the baked goods stocked in stores per DEFENDANTS' policy and schedule.  DEFENDANTS' personnel regularly check that PLAINTIFFS have complied with DEFENDANTS' requirements; failure to comply can result in discipline.

24.    DEFENDANTS specify when baked goods must be removed from their customers' shelves.  DEFENDANTS will "buy back" a small percentage of the removed baked goods from the PLAINTIFFS.  DEFENDANTS impose strict limits on what PLAINTIFFS may do with the remaining baked goods that DEFENDANTS do not buy back.

///

25.     PLAINTIFFS' remuneration depends on their ability to drive their vehicles and deliver and stock DEFENDANTS' baked goods.

26.     When PLAINTIFFS do not follow DEFENDANTS' rules or instructions, they are subject to various types of discipline, including financial penalties.

27.     PLAINTIFFS have provided services that are an integral part of DEFENDANTS' business enterprise.  By providing vehicles, by reliably serving DEFENDANTS' customers, by following DEFENDANTS' controlled delivery routes and stock rotation schedules, and in other material ways, PLAINTIFFS have rendered services to DEFENDANTS that are integral to DEFENDANTS' baked goods distribution system.

28.     Despite DEFENDANTS' pervasive control over all aspects of its distribution and stocking operations, including over PLAINTIFFS, DEFENDANTS have uniformly classified and treated all Drivers as "independent contractors."

29.     Although the nature of the work performed by PLAINTIFFS makes detailed control by management unnecessary, DEFENDANTS retain the right to control and exercise extensive control over the work of PLAINTIFFS, and do in fact exercise such control.

30.     DEFENDANTS' right of control over PLAINTIFFS is retained and/or exercised by DEFENDANTS as demonstrated by DEFENDANTS' written rules and policies and unwritten practices.

31.     DEFENDANTS' classification and treatment of PLAINTIFFS throughout the period covered by this lawsuit as "independent contractors" rather than as "employees" is and has been unlawful.

32.     As a result of DEFENDANTS misclassifying PLAINTIFFS as "independent contractors," DEFENDANTS have unlawfully failed to indemnify PLAINTIFFS for employment-related expenses, including the costs of providing their leased or owned vehicles; all operation costs associated with the vehicle, including fuel, maintenance, repair, cleaning, and licensing; liability and other insurance covering work place injuries; cellular telephone and DEFENDANTS' designated text messaging services; uniform laundry fees; and miscellaneous tools, such as dollies and pallet jacks.  DEFENDANTS have also failed to indemnify PLAINTIFFS for employment-

related losses, such as cargo loss or damage, and bodily and property damage claims. DEFENDANTS have taken deductions from their compensation to cover many of these employment-related expenses. DEFENDANTS have also charged PLAINTIFFS for "distribution rights" in order to work their route. Under the Distribution Agreement, DEFENDANTS reserved the right to and have taken deductions from the compensation of PLAINTIFFS to cover many of these employment-related expenses.

33.     As a result of DEFENDANTS misclassifying their Delivery Drivers as "independent contractors," DEFENDANTS have regularly failed to provide a timely 30 minute off-duty meal period to PLAINTIFFS when they worked more than five hours in a day.

34.     As a result of DEFENDANTS misclassifying their Delivery Drivers as "independent contractors," DEFENDANTS have regularly failed to provide a second timely 30 minute meal period to PLAINTIFFS who worked more than 10 hours in a day.

35.     As a result of DEFENDANTS misclassifying their Delivery Drivers as "independent contractors," DEFENDANTS have failed to record the actual hours worked by PLAINTIFFS during the Class Period.

36.     As a result of DEFENDANTS misclassifying their Delivery Drivers as "independent contractors," DEFENDANTS have failed to itemize the total hours worked on wage statements furnished to PLAINTIFFS.

37.     PLAINTIFFS are informed and on that basis allege that, as a result of DEFENDANTS' misclassifying their Delivery Drivers as "independent contractors," DEFENDANTS have not properly maintained payroll records showing the actual hours worked and meal periods taken and missed each day by PLAINTIFFS.

## VI.     CLASS ACTION ALLEGATIONS

38.     PLAINTIFFS bring this lawsuit as a class action pursuant to Rules of Civil Procedure 23(b)(3) on behalf of themselves and all similarly situated Drivers. The class PLAINTIFFS seek to represent is defined as:

> All persons who are or have operated as bakery goods delivery drivers for
> DEFENDANTS in Northern California under a "Distributor Agreement" or a
> similar written contract that they entered into on behalf of themselves or entities in

1      which they have an ownership interest (referred to as "Delivery Drivers") during the
2  period commencing February 2013 through trial in this action.

3  The claims herein have been brought and may properly be maintained as a class action under Rules

4  of Civil Procedure 23(b)(3) because PLAINTIFFS can demonstrate that all of the necessary

5  requirements of Rule 23 are met, as follows:

6          a.    <u>Numerosity</u>: The potential members of the class as defined herein are so

7  numerous that joinder would be impracticable. PLAINTIFFS are informed and believe and on

8  such information and belief allege that DEFENDANTS have employed over 250 Drivers in

9  California during the Class Period. The names and addresses of the Class Members are available

10  from the DEFENDANTS. Notice can be provided to the Class Members via first class mail using

11  techniques and a form of notice similar to those customarily used in class action lawsuits of this

12  nature.

13          b.    <u>Commonality and Predominance of Common Questions</u>: Questions of law

14  and fact common to PLAINTIFFS and the class predominate over any questions affecting only

15  individual members of the class. These common questions of law and fact include, without

16  limitation:

17                i.    Whether Delivery Drivers have served DEFENDANTS as employees
18                     rather than independent contractors under California law;

19                ii.    Whether Delivery Drivers have necessarily incurred employment-
20                     related expenses and losses in carrying out their duties for
21                     DEFENDANTS;

22                iii.    Whether DEFENDANTS have failed to indemnify Delivery Drivers
23                     for their necessarily incurred employment-related-expenses and
24                     losses, in violation of Cal. Labor Code § 2802;

25                iv.    Whether DEFENDANTS' failure to indemnify Delivery Drivers for
26                     necessarily incurred employment-related expenses and losses
27                     constitutes an unlawful, unfair, and/or fraudulent business practice,
28                     under Cal. Business & Professions Code § 17200 *et seq*;

7

v.    Whether DEFENDANTS have made deductions from the compensation paid to Delivery Drivers in violation of California law;

vi.   Whether DEFENDANTS' deductions from Delivery Drivers' compensation constitute an unlawful, unfair, and/or fraudulent business practice, under Cal. Business & Professions Code § 17200 *et seq*;

vii.  Whether DEFENDANTS' coercion or compulsion of Delivery Drivers to patronize DEFENDANTS and/or other companies constitutes an unlawful, unfair, and/or fraudulent business practice, under Cal. Business & Professions Code § 17200 *et seq*;

viii. Whether DEFENDANTS have failed to provide Delivery Drivers adequate off-duty meal periods and missed meal period compensation, in violation of Cal. Labor Code §§ 226.7 and 512 and IWC wage order No. 1, § 11;

ix.   Whether DEFENDANTS' failure to provide Delivery Drivers adequate off-duty meal periods and missed meal period compensation constitutes an unlawful, unfair, and/or fraudulent business practice, under Cal. Business & Professions Code § 17200 *et seq*;

x.    Whether DEFENDANTS have failed to authorize and permit Delivery Drivers paid rest periods and missed rest period compensation, in violation of Cal. Labor Code §§ 226.7 and 1194 and IWC wage order No. 1, § 12;

xi.   Whether DEFENDANTS' failure to authorize and permit Delivery Drivers paid rest periods and missed rest period compensation constitutes an unlawful, unfair, and/or fraudulent business practice, under Cal. Business & Professions Code § 17200 *et seq*;

CLASS ACTION COMPLAINT

xii.    Whether DEFENDANTS knowingly and intentionally failed to provide Delivery Drivers with an itemized statement showing total hours worked with each payment of wages, as required by Cal. Labor Code § 226 and IWC wage order No. 1, § 7;

xiii.    Whether DEFENDANTS' failure to provide an itemized statement showing total hours worked with each payment of wages constitutes an unlawful, unfair, and/or fraudulent business practice, under Cal. Business & Professions Code § 17200 et seq.;

xiv.    Whether DEFENDANTS' failure to maintain documentation of the actual hours worked each day by Delivery Drivers constitutes an unlawful, unfair, and/or fraudulent business practice, under Cal. Business & Professions Code § 17200 *et seq*; and

xv.    What constitutes the proper formula for calculating restitution, damages and other statutory penalties owed to PLAINTIFFS and the class alleged herein.

c.    <u>Typicality</u>:  PLAINTIFFS' claims are typical of the claims of the class. DEFENDANTS' common course of unlawful conduct has caused PLAINTIFFS and similarly situated Delivery Drivers to sustain the same or similar injuries and damages caused by the same practices of DEFENDANTS.  PLAINTIFFS' claims are thereby representative of and co-extensive with the claims of the class.

d.    <u>Adequacy of Representation</u>:  PLAINTIFFS are all members of the class. PLAINTIFFS do not have any conflicts of interest with other class members and will prosecute the case vigorously on behalf of the class.  PLAINTIFFS will fairly and adequately represent and protect the interests of the class members.  PLAINTIFFS' counsel are competent and experienced in litigating employment class actions, including independent contractor misclassification class actions.

e.    <u>Superiority of Class Action</u>:  A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Because the damages suffered by

individual Class Members may be relatively small, albeit significant, the expense and burden of individual litigation make it impractical for most Class Members individually to seek redress for the wrongful conduct alleged.  Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

## VII.   DAMAGES

39.    As a direct, foreseeable, and proximate result of DEFENDANTS' conduct, DEFENDANTS owe PLAINTIFFS and similarly situated Delivery Drivers unreimbursed business expenses plus interest, repayment of unlawfully deducted wages plus interest, missed meal period compensation plus interest, missed paid rest period compensation plus interest, statutory penalties, and attorneys' fees and costs, all in an amount that exceeds $5,000,000, the precise amount of which will be proven at trial.

## VIII.   CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### REIMBURSEMENT OF BUSINESS EXPENSES
### (CAL. LABOR CODE § 2802)

40.    The allegations in all of the preceding paragraphs are realleged and incorporated herein by reference, and PLAINTIFFS allege as follows a cause of action on behalf of themselves and the above-described class of similarly situated Delivery Drivers employed by DEFENDANTS in California.

41.    While acting on the direct instruction of DEFENDANTS and discharging their duties for them, PLAINTIFFS and similarly situated Delivery Drivers have incurred work-related expenses.  Such expenses include but are not limited to the costs of purchase or lease of vehicles; fuel, maintenance, and other vehicle operating costs; various forms of insurance; communications equipment and handheld device; cellular telephones; warehouse rent; and uniforms and laundry services.  PLAINTIFFS were also required to pay thousands of dollars for "distribution rights" in order to work their route.  DEFENDANTS have also held Delivery Drivers accountable for losses such as out-of-date bake goods and shrink.  PLAINTIFFS and class members necessarily incurred

1   these substantial expenses and losses as a direct result of performing their job duties for

2   DEFENDANTS.

3          42.    DEFENDANTS have failed to indemnify or in any manner reimburse PLAINTIFFS

4   and similarly situated Delivery Drivers for these expenditures and losses.  By misclassifying

5   Delivery Drivers as "independent contractors," and further by requiring those employees to pay

6   expenses and cover losses that they incurred in direct consequence of the discharge of their duties

7   for DEFENDANTS and/or in obedience to DEFENDANTS' direction, DEFENDANTS have

8   violated and continue to violate Cal. Labor Code § 2802.

9          43.    As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFFS and

10   similarly situated Delivery Drivers have suffered substantial losses according to proof, as well as

11   pre-judgment interest, costs, and attorney fees for the prosecution of this action.

12          44.    PLAINTIFFS, on behalf of themselves and similarly situated Delivery Drivers,

13   request relief as described below.

14
**SECOND CAUSE OF ACTION**
**UNLAWFUL DEDUCTIONS FROM WAGES**
15   **(CAL. LABOR CODE §§ 221, 223, 400-410, IWC. WAGE ORDER NO. 1)**

16          45.    The allegations in all of the preceding paragraphs are realleged and incorporated

17   herein by reference, and PLAINTIFFS allege as follows a cause of action on behalf of themselves

18   and the above-described class of similarly situated Delivery Drivers employed by DEFENDANTS

19   in California.

20          46.    Labor Code § 221 provides:  "It shall be unlawful for any employer to collect or

21   receive from an employee any part of wages theretofore paid by said employer to said employee."

22          47.    Labor Code § 223 provides:  "Where any statute or contract requires an employer to

23   maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while

24   purporting to pay the wage designated by statute or by contract."

25          48.    Labor Code §§ 400-410 ("Employee Bond Law") provide the limited circumstances

26   under which an employer can exact a cash bond from its employees.  These provisions are

27   designed to protect employees against the very real danger of an employer taking or

28   misappropriating employee funds held by the employer in trust.

49. IWC wage order No. 1, § 8 provides that the only circumstance under which an employer can make a deduction from an employee's wage due to cash shortage, breakage, or loss of equipment is if the employer can show that the shortage, breakage, or loss was the result of the employee's gross negligence or dishonest or willful act.

50. These and related statutes, along with California's fundamental public policy protecting wages and wage scales, prohibit employers from subjecting employees to unanticipated or unpredicted reductions in their wages; making employees the insurers of their employer's business losses; otherwise passing the ordinary business losses of the employer onto the employee; taking deductions from wages for business losses unless the employer can establish that the loss was caused by a dishonest or willful act, or gross negligence of the employee; or taking other unpredictable deductions that may impose a special hardship on employees.

51. DEFENDANTS have violated Cal. Labor Code §§ 221, 223, and 400-410, and IWC wage order No. 1, § 8 by unlawfully taking deductions from PLAINTIFFS' and Class Members' compensation to cover certain ordinary business expenses of DEFENDANTS, including but not limited to out-of-date baked goods pulled from customers' stock, and shrink. DEFENDANTS also deducted from PLAINTIFFS' wages the cost of "distribution rights," which DEFENDANTS charged PLAINTIFFS in order to work their routes.

52. Because DEFENDANTS took unlawful deductions from Delivery Drivers' compensation, they are liable to PLAINTIFFS and Class Members for the compensation that should have been paid but for the unlawful deductions, pursuant to Cal. Labor Code §§ 221, 223, and 400-410, and IWC wage order No. 1, § 8.

53. By unlawfully deducting wages and failing to pay PLAINTIFFS and other similarly situated Drivers, DEFENDANTS are also liable for penalties, reasonable attorneys' fees, and costs under Labor Code §§ 218.5 and 1194.

54. PLAINTIFFS, on behalf of themselves and similarly situated Delivery Drivers, request relief as described below.

///

///

### THIRD CAUSE OF ACTION
### FAILURE TO PROVIDE OFF-DUTY MEAL PERIODS
### (CAL. LABOR CODE §§ 226.7, 512, IWC WAGE ORDER NO. 1)

55.     The allegations in all of the preceding paragraphs are realleged and incorporated herein by reference, and PLAINTIFFS allege as follows a cause of action on behalf of themselves and the above-described class of similarly situated Delivery Drivers employed by DEFENDANTS in California.

56.     PLAINTIFFS and similarly situated Delivery Drivers have regularly worked in excess of five (5) hours a day without being afforded at least a half-hour meal period in which they were relieved of all duties, as required by Cal. Labor Code §§ 226.7 and 512, and IWC wage order No. 1, § 11(A).

57.     Because DEFENDANTS failed to afford proper and timely meal periods, they are liable to PLAINTIFFS and similarly situated Delivery Drivers for one hour of additional pay at the regular rate of compensation for each workday that the proper meal periods were not provided, pursuant to Cal. Labor Code § 226.7(b) and IWC wage order No. 1, § 11(B).

58.     By violating Cal Labor Code §§ 226.7 and 512, and IWC wage order No. 1, § 11, DEFENDANTS are also liable for penalties, reasonable attorneys' fees, and costs under Cal. Labor Code §§ 218.5 and 1194.

59.     PLAINTIFFS, on behalf of themselves and similarly situated Delivery Drivers, request relief as described below.

### FOURTH CAUSE OF ACTION
### FAILURE TO PAY EMPLOYEES FOR REST BREAKS
### (CAL. LABOR CODE §§226.7, 1194 AND 1194.2, IWC WAGE ORDER NO. 1)

60.     The allegations in all of the preceding paragraphs are realleged and incorporated herein by reference, and PLAINTIFFS allege as follows a cause of action on behalf of themselves and the above-described class of similarly situated Delivery Drivers employed by DEFENDANTS in California.

61.     IWC Wage Order No. 1, §12(A), provides in pertinent part as follows: "Every employer shall authorize and permit all employees to take rest periods . . . .   The authorized rest

period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. . . .   Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages."

62.     PLAINTIFFS and similarly situated Delivery Drivers were compensated for delivering baked goods based on DEFENDANTS' determination of a commission, and PLAINTIFFS and other Delivery Drivers were not separately compensated for taking duty-free rest periods.

63.     PLAINTIFFS and similarly situated Delivery Drivers were unable to deliver baked goods and/or earn a commission while taking duty-free rest periods, and therefore were precluded from earning compensation during any time during which they managed to take a duty-free rest period.

64.     DEFENDANTS failed to authorize and permit PLAINTIFFS and similarly situated Delivery Drivers to take a ten-minute paid rest period for each four hours of work or major fraction thereof.

65.     Thus, PLAINTIFFS and other Delivery Drivers regularly worked in excess of three and a half hours a day without being provided at least one paid 10-minute rest period in which they were relieved of all duties, as required by Labor Code § 226.7, and IWC wage order No. 1, §12(A).

66.     Thus, PLAINTIFFS and the other Delivery Drivers regularly worked in excess of six hours a day without being provided at least two paid 10-minute rest periods in which they were relieved of all duties, as required by Labor Code § 226.7 and IWC wage order No. 1, §12(A).

71.     Because DEFENDANTS failed to authorize and permit PLAINTIFFS and similarly situated Delivery Drivers compliant rest periods, they are liable to PLAINTIFFS and other Class Members for one hour of additional pay at the regular rate of compensation for each workday that the compliant rest periods were not provided, attorneys' fees, penalties, and interest, pursuant to Labor Code §§ 226.7(b), 218.5, and 1194, and IWC wage order No. 1, §12(B).

67.     PLAINTIFFS, on behalf of themselves and similarly situated Delivery Drivers, request relief as described below.

///

### FIFTH CAUSE OF ACTION
### FAILURE TO FURNISH ACCURATE WAGE STATEMENTS
### (CAL. LABOR CODE §§ 226 & 226.3; IWC WAGE ORDER NO. 1)

68.     The allegations in all of the preceding paragraphs are realleged and incorporated herein by reference, and PLAINTIFFS allege as follows a cause of action on behalf of themselves and the above-described class of similarly situated Delivery Drivers employed by DEFENDANTS in California.

69.     Cal. Labor Code § 226(a) and IWC wage order No. 1, § 7(B) require employers semi-monthly or at the time of each payment of wages to furnish each employee with a statement itemizing, among other things, the total hours worked by the employee.  Cal. Labor Code § 226(b) provides that if an employer knowingly and intentionally fails to provide a statement itemizing, among other things, the total hours worked by the employee, then the employee is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial violation and one hundred dollars ($100) for each subsequent violation, up to four thousand dollars ($4,000).

70.     DEFENDANTS knowingly and intentionally failed to furnish PLAINTIFFS and similarly situated Delivery Drivers with timely, itemized statements showing the total hours worked, as required by Cal. Labor Code § 226(a) and IWC wage order No. 1, § 7(B).  As a result, DEFENDANTS are liable to PLAINTIFFS and to the Class for the amounts provided by Cal. Labor Code § 226(b) and for penalties, and attorneys' fees.

71.     PLAINTIFFS, on behalf of themselves and similarly situated Delivery Drivers, request relief as described below.

### SIXTH CAUSE OF ACTION
### VIOLATIONS OF THE UNFAIR COMPETITION LAW (UCL)
### (CAL. BUSINESS & PROFESSIONS CODE §§ 17200-09)

72.     The allegations in all of the preceding paragraphs are realleged and incorporated herein by reference, and PLAINTIFFS allege as follows a cause of action on behalf of themselves and the above-described class of similarly situated Delivery Drivers employed by DEFENDANTS in California.

73.     Cal. Business & Professions Code § 17200 prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business act or practice.

74.     Cal. Business & Professions Code § 17204 allows "any person acting for the interests of itself, its members or the general public" to prosecute a civil action for violation of the UCL.

75.     Beginning at an exact date unknown to PLAINTIFFS, but at least since approximately January 2012, DEFENDANTS have improperly, fraudulently, and unlawfully classified its Delivery Drivers as "independent contractors" and have thereby committed unlawful, unfair, and/or fraudulent business acts and practices as defined by Cal. Business & Professions Code § 17200, by engaging in the following:

a.     failing to indemnify PLAINTIFFS and similarly situated Delivery Drivers for employment-related business expenses and losses;

b.     improperly and unlawfully making deductions from PLAINTIFFS' and similarly situated Delivery Drivers' compensation because of the return out-of-date product, work-related expenses and losses not attributable to the Delivery Drivers' dishonest or willful act, or to the gross negligence of the PLAINTIFFS, as described above;

c.     failing and refusing to provide meal periods to PLAINTIFFS and similarly situated Delivery Drivers;

d.     failing to authorize and permit paid rest periods to PLAINTIFFS and similarly situated Delivery Drivers;

e.     unlawfully deducting money from wages owed to PLAINTIFFS and similarly situated Delivery Drivers;

f.     failing to provide accurate itemized wage statements to PLAINTIFFS and similarly situated Delivery Drivers;

g.     by intentionally, recklessly and/or negligently misrepresenting to PLAINTIFFS and similarly situated Delivery Drivers the true nature of their employment status.

h.     willfully and unlawfully misclassifying Plaintiffs and similarly situated Delivery Drivers as independent contractors in violation of California Labor Code § 226.8 & and IWC Wage Order No. 1;

///

76.     The violations of these laws serve as unlawful, unfair, and/or fraudulent predicate acts and practices for purposes of Cal. Business and Professions Code § 17200.

77.     As a direct and proximate result of DEFENDANTS' unlawful, unfair, and/or fraudulent acts and practices described herein, DEFENDANTS have received and continue to hold ill-gotten gains belonging to PLAINTIFFS and other similarly situated Delivery Drivers.  As a direct and proximate result of DEFENDANTS' unlawful business practices, PLAINTIFFS and other Delivery Drivers have suffered economic injuries including, but not limited to out-of-pocket business expenses, unlawful deductions from compensation, compensation for missed meal periods and rest breaks.  DEFENDANTS have profited from their unlawful, unfair, and/or fraudulent acts and practices in the amount of those business expenses, improper deductions from compensation, meal and rest period compensation, and interest accrued by PLAINTIFFS and the Class.

78.     PLAINTIFFS and other similarly situated Delivery Drivers are entitled to restitution pursuant to Cal. Business & Professions Code §§ 17203 and 17208 for all unpaid business expenses, unlawful deductions from compensation, meal and rest period compensation, and interest since January 2012.

79.     PLAINTIFFS are entitled to enforce all applicable penalty provisions of the Cal. Labor Code pursuant to Cal. Business & Professions Code § 17202.

80.     By all of the foregoing alleged conduct, DEFENDANTS have committed, and are continuing to commit, ongoing unlawful, unfair and fraudulent business practices within the meaning of Cal. Business & Professions Code §17200 et seq.

81.     As a direct and proximate result of the unfair business practices described above, PLAINTIFFS and other similarly situated Delivery Drivers have all suffered significant losses and DEFENDANTS have been unjustly enriched.

82.     Pursuant to Cal. Business & Prof. Code §17203, PLAINTIFFS and other similarly situated Delivery Drivers are entitled to: (a) restitution of money acquired by DEFENDANTS by means of their unfair business practices, in amounts not yet ascertained but to be ascertained at trial; (b) a declaration that DEFENDANTS' business practices are unfair within the meaning of the statute.

83.     PLAINTIFFS have assumed the responsibility of enforcement of the laws and lawful claims specified herein.  There is a financial burden incurred in pursuing this action which is in the public interest.  Therefore, reasonable attorneys' fees are appropriate pursuant to Cal. Code of Civil Procedure § 1021.5.

84.     PLAINTIFFS, on behalf of themselves and similarly situated Delivery Drivers, request relief as described below.

## IX.     REQUEST FOR JURY TRIAL

85.     PLAINTIFFS request a trial by jury.

## X.     PRAYER FOR RELIEF

WHEREFORE, PLAINTIFFS request relief as follows:

A.     A declaratory judgment that DEFENDANTS have knowingly and intentionally violated the following provisions of law:

1.     Cal. Labor Code § 2802 by failing to indemnify PLAINTIFFS and similarly situated Delivery Drivers for all necessarily incurred business expenses and losses;

2.     Cal. Labor Code §§ 221 and 400-410 and IWC wage order No. 1, by making unlawful deductions from the compensation paid to PLAINTIFFS and similarly situated Delivery Drivers for ordinary business expenses and losses without a showing that the expenses and/or losses were due to PLAINTIFFS' dishonest or willful act, or to their gross negligence;

3.     Cal. Labor Code §§ 226.7 and 512, and IWC wage order No. 1 by failure to provide off-duty meal periods to PLAINTIFFS and similarly situated Delivery Drivers;

5.     Cal. Labor Code §§ 226.7 and 1194, and IWC wage order No. 1 by failure to authorize and permit paid rest periods to PLAINTIFFS and similarly situated Delivery Drivers;

6.     Cal. Labor Code § 226 and IWC wage order No. 1, § 7(B), by failing to provide PLAINTIFFS and similarly situated Delivery Drivers with itemized statements of total hours worked with each payment of wages;

7.     Cal. Business and Professions Code §§ 17200-17208, by failing to reimburse PLAINTIFFS and similarly situated Delivery Drivers for necessarily incurred business expenses, by requiring PLAINTIFFS and similarly situated Delivery Drivers to indemnify DEFENDANTS

1    for ordinary business losses, by failing to provide off-duty meal periods and/or pay meal period

2    compensation to PLAINTIFFS and similarly situated Delivery Drivers, by failing to authorize and

3    permit paid rest breaks and/or missed rest break compensation to PLAINTIFFS and similarly

4    situated Delivery Driver, by failing to provide PLAINTIFFS and similarly situated Delivery

5    Drivers with itemized wage statements showing all hours worked, and by failing to maintain

6    payroll records that document all hours worked by PLAINTIFFS and similarly situated Delivery

7    Drivers;

8        B.      A declaratory judgment that DEFENDANTS' violations as described above were

9    willful;

10       C.      An award to PLAINTIFFS and the Class of damages in the amount of necessarily

11   incurred business expenses, amounts unlawfully deducted from wages, meal and rest period

12   compensation, and interest thereon, subject to proof at trial;

13       D.      An award to PLAINTIFFS of statutory penalties because of DEFENDANTS' failure

14   to provide PLAINTIFFS and the Class Members with itemized wage statements that comply with

15   the requirements of Cal. Labor Code § 226, subject to proof at trial;

16       E.      An order requiring DEFENDANTS to pay restitution of all amounts owed to

17   PLAINTIFFS and the Class Members for DEFENDANTS' failure to reimburse for business

18   expenses, amounts unlawfully deducted from wages, failure to pay legally required meal and rest

19   period pay, and interest thereon, in an amount according to proof, pursuant to Business &

20   Professions Code § 17203;

21       F.      An award to PLAINTIFFS and the Class of reasonable attorneys' fees and costs,

22   pursuant to Cal. Code of Civil Procedure § 1021.5 and Cal. Labor Code §§ 218.5, 226, 1194, and

23   2802 and/or other applicable law; and

24   ///

25   ///

26   ///

27   ///

28   ///

1        G.     An award to PLAINTIFFS and the Class of such other and further relief as this

2   Court deems just and proper.

3

4   DATED:  October 26, 2015.            LEONARD CARDER

5

6                              By:  */s/ Aaron Kaufmann*

7                                AARON KAUFMANN
                             *Attorneys for PLAINTIFFS*

8

9                              RUKIN HYLAND DORIA & TINDALL

10                             By:  */s/ Peter Rukin*

11                               PETER RUKIN
                             *Attorneys for PLAINTIFFS*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT